THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ENES MULALIC,<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S [1] MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**<br><br>Case No. 2:20-cv-00447-DBB<br><br>District Judge David Barlow |

　　　　The matter before the court is Petitioner Enes Mulalic's ("Mr. Mulalic") motion to vacate his § 924(c) conviction pursuant to 28 U.S.C. § 2255.[1] Having fully considered the relevant briefing and case law, the court finds oral argument unnecessary.[2] For the reasons below, the court denies and dismisses Mr. Mulalic's petition.

## BACKGROUND

　　　　On February 4, 2019, Mr. Mulalic pleaded guilty to violating 18 U.S.C. § 924(c) in connection with Hobbs Act robbery.[3] The court sentenced him to 144 months in prison.[4] After the Supreme Court held as unconstitutional § 924(c)'s residual clause, Mr. Mulalic filed a § 2255 petition on June 25, 2020.[5] The court stayed the matter on November 2, 2021, pending the Tenth Circuit's decision on remand from the United States Supreme Court in *Kamahale v. United*

---

[1] Mot. to Vacate, ECF No. 1, filed June 25, 2020.
[2] *See* DUCivR 7-1(g).
[3] Mot. to Vacate 1; *see* 18 U.S.C. § 1951.
[4] Mot. to Vacate 1.
[5] *See id.*; *Davis v. United States*, 139 S. Ct. 2319 (2019).

1

*States*[6] and *Maumau v. United States*.[7] Following the Tenth Circuit's decision,[8] the court ordered Petitioner to show cause why his case should not be dismissed.[9]

Mr. Mulalic responded to the order to show cause on March 2, 2022.[10] He contended the stay should remain in place until the Tenth Circuit decided *United States v. Baker*.[11] *Baker* involved a defendant's challenge to a § 924(c) conviction for attempted Hobbs Act robbery.[12] Responding to Mr. Mulalic's argument, the United States contended that under Tenth Circuit precedent, Hobbs Act robbery was categorically a crime of violence and the court should not wait to dismiss the petition.[13] The stay continued pending *Baker*.[14]

On August 16, 2022, the Tenth Circuit decided *Baker*.[15] The United States moved to lift the stay on August 31, 2022.[16] It argued the Tenth Circuit had affirmed Hobbs Act robbery as a categorical crime of violence.[17] On February 7, 2023, the court granted the government's motion to lift the stay.[18] The court gave Mr. Mulalic leave to file a brief as to why *Baker* should not

---

[6] No. 20-7749 (2021).
[7] No. 20-7750 (2021); *see* ECF No. 10.
[8] *United States v. Toki*, 23 F.4th 1277 (10th Cir. 2022), *cert. granted and judgment vacated sub nom. Kamahele v. United States*, No. 22-5535, 2023 WL 123975 (U.S. Jan. 9, 2023), and *cert. denied sub nom. Maumau v. United States*, No. 22-5538, 2023 WL 124419 (U.S. Jan. 9, 2023).
[9] ECF No. 11, filed Feb. 9, 2022.
[10] *See* ECF No. 12.
[11] *Id.* at 4.
[12] *Id.* at 3.
[13] *See* ECF No. 13, at 2–6, filed Mar. 3, 2022.
[14] *See* Docket.
[15] *United States v. Baker*, No. 20-3062, 2022 WL 3371011 (10th Cir. Aug. 16, 2022) (unpublished). On September 26, 2022, the Tenth Circuit redesignated the decision as an opinion. *United States v. Baker*, 49 F.4th 1348, 1358 (10th Cir. 2022).
[16] ECF No. 16.
[17] ECF No. 17, filed Sept. 27, 2022; *Baker*, 49 F.4th at 1357–58.
[18] ECF No. 18, at 2.

foreclose his petition. Mr. Mulalic filed a corresponding memorandum on March 7, 2023.[19] The government responded three days later.[20]

## DISCUSSION

Mr. Mulalic's § 2255 petition centers on the Supreme Court's decision in *Davis v. United States*. In *Davis*, the Court held as unconstitutionally vague § 924(c)'s residual clause.[21] Accordingly, Mr. Mulalic argued his § 924(c) conviction for Hobbs Act robbery did not qualify categorically as a crime of violence.[22] The Tenth Circuit addressed this issue in *Baker*. There, the court affirmed its "prior holding in *Melgar-Cabrera* [that] Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)."[23] Mr. Mulalic, however, contends *Baker* does not foreclose one of his arguments for relief.[24] In particular, Mr. Mulalic argues the court should vacate his conviction because Hobbs Act robbery includes attempted robbery.[25]

"To prevail on appeal, [a petitioner] must establish that his conviction cannot be sustained under § 924(c)'s elements clause."[26] "To determine whether a given crime qualifies . . . '[the court] appl[ies] the categorical approach,' which looks 'only to the fact of conviction and the statutory definition of the prior offense, and do[es] not generally consider the particular facts

---

[19] Suppl. Mem. in Support of Mot. to Vacate Under § 2255 ("Suppl. Mem."), ECF No. 19.
[20] Opp'n to Suppl. Mem. in Support of Mot. to Vacate ("Resp. to Suppl. Mem."), ECF No. 20.
[21] 139 S. Ct. at 2236.
[22] Mot. to Vacate 2; 18 U.S.C. § 924(c)(3)(A) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]").
[23] *Baker*, 49 F.4th at 1359; *see United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir. 2018).
[24] Mr. Mulalic raises three arguments in his supplemental memorandum. He concedes two are foreclosed by *Baker*. Suppl. Mem. 7, 15.
[25] *See* 18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or *attempts* or conspires *so to do*, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.") (emphases added).
[26] *United States v. Muskett*, 970 F.3d 1233, 1238 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1710 (2021).

disclosed by the record of conviction.'"[27] The court then "compare[s] the scope of conduct covered by the predicate crime's elements with § 924(c)(3)(A)'s definition of 'crime of violence[.]'"[28] "The ordinary meaning of this term, combined with [the statute's] emphasis on the use of physical force . . . , suggests a category of violent, active crimes."[29] In consequence, if a crime can be accomplished without using violent force, it does not qualify categorically as a crime of violence for purposes of § 924(c).[30]

Under the categorical approach, Mr. Mulalic contends Hobbs Act robbery does not require the use of force since it includes attempted robbery. Yet an individual can commit Hobbs Act robbery in diverse ways.[31] As such, the threshold question is whether the statute is divisible[32]—meaning it "sets out one or more elements of the offense in the alternative[.]"[33] If so, "the court applies the modified categorical approach.[34] This approach "allows a court to examine a limited category of court records, including the charging document, jury instructions, and plea agreement, to determine which specific crime the defendant committed."[35] But if the statute is indivisible, the court may not use the modified categorical approach.[36] At bottom,

---

[27] *Baker*, 49 F.4th at 1355 (quoting *United States v. Bowen*, 936 F.3d 1091, 1102 (10th Cir. 2019)); *see Melgar-Cabrera*, 892 F.3d at 1061 ("[W]e consider whether the elements of the offense are of the type that would justify its inclusion . . . [as a crime of violence], without inquiring into the specific conduct of this particular offender.") (citation omitted).
[28] *Baker*, 49 F.4th at 1355 (citation omitted).
[29] *Bowen*, 936 F.3d at 1102 (citation omitted).
[30] *See id.*
[31] *See* 18 U.S.C. § 1951(a) (completion, attempt, or conspiracy).
[32] *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017).
[33] *Descamps v. United States*, 570 U.S. 254, 257 (2013).
[34] *Titties*, 852 F.3d at 1266.
[35] *Johnson v. Barr*, 967 F.3d 1103, 1106 (10th Cir. 2020) (citing *Mathis v. United States*, 579 U.S. 500, 505 (2016)).
[36] *See id.* at 1110.

"[i]f . . . [the court] cannot ultimately say with certainty that the statute is divisible, [it] will not apply the modified-categorical approach."[37]

Mr. Mulalic argues 18 U.S.C. § 1951(a) is indivisible. His argument goes like this. First, a court "should consider that a statute is divisible only when it has alternative elements rather than alternative means."[38] When a given statute has "disjunctive statutory phrases," the two phrases are alternative means.[39] The Hobbs Act statute "bundles alternative terms within a single sentence" and so the terms are means, not elements.[40] Additionally, Mr. Mulalic argues the Hobbs Act provides the same penalty for attempted robbery as completed robbery.[41] Last, he contends no case law interprets the statute to "require jury unanimity as to one modality of the Hobbs Act statute to the exclusion of the others."[42] Therefore, § 1951(a) is indivisible and Mr. Mulalic's § 924(c) conviction does not qualify categorically as a crime of violence.

The United States responds that the Tenth Circuit in *United States v. Eccleston* has already held that the Hobbs Act is divisible.[43] The government argues the court should apply the modified categorial approach to determine whether the court convicted Mr. Mulalic of attempted or completed Hobbs Act robbery. Since Mr. Mulalic pleaded to completed robbery, the government contends he was properly convicted for Hobbs Act robbery, which is categorically a crime of violence pursuant to *Melgar-Cabrera* and *Baker*.

---

[37] *United States v. Cantu*, 964 F.3d 924, 929 (10th Cir. 2020).
[38] Suppl. Mem. 5 (citing *Descamps*, 570 U.S. at 278).
[39] *Id.*
[40] *Id.* at 6.
[41] *Id.* (citing *United States v. Degeare*, 884 F.3d 1241, 1253 (10th Cir. 2018)).
[42] *Id.*
[43] Resp. to Suppl. Mem. 2 (citing *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664 (10th Cir. Aug. 26, 2022) (unpublished)).

In *Eccleston*, the defendant sought to appeal his conviction for Hobbs Act robbery. He argued the district court erred in finding the Hobbs Act was "divisible into separate offenses for robbery, attempted robbery, and conspiracy to attempt robbery."[44] In an unpublished decision, the Tenth Circuit affirmed. It found the three crimes distinct because they were comprised of different elements.[45] Subsequently, the court applied the modified categorical approach. Viewing the charging documents, the plea agreement, and the plea colloquy, the court concluded "no reasonable jurist could debate the conclusion that [the defendant] pleaded guilty to completed Hobbs Act robbery, a categorical crime of violence under the elements clause[.]"[46]

This court has repeatedly followed *Eccleston* and affirmed the divisibility of the Hobbs Act statute.[47] What is more, since *United States v. Taylor*,[48] "the Tenth Circuit has continued to hold that completed Hobbs Act robbery is categorically a crime of violence."[49]

Applying the modified categorical approach here, the court looks to available documents such as the plea agreement to determine the basis for Mr. Mulalic's conviction.[50] In his Statement in Advance of Plea, Mr. Mulalic admitted the following:

> [O]n March 19, 2018, I entered the Sinclair station at 2670 South 700 East in Salt Lake City, also with the intent to rob that business. I pointed a silver gun at the clerk and threatened to kill him. I further admit that I pointed the gun at the clerk's

---

[44] *Eccleston*, 2022 WL 3696664, at *1.
[45] *Id.* at *2; *see United States v. Washington*, 653 F.3d 1251, 1263 n.12 (10th Cir. 2011) ("[U]nder the Hobbs Act, conspiracy and attempt appear as distinct crimes within the same statutory provision—18 U.S.C. § 1951(a).").
[46] *Eccleston*, 2022 WL 3696664, at *3 (citing *Melgar-Cabrera*, 892 F.3d at 1060 & n.4).
[47] *E.g.*, *Small v. United States*, No. 2:20-cv-449, 2023 WL 1993874, at *3 (D. Utah Feb. 14, 2023); *Stang v. United States*, No. 2:21-cv-00413, 2023 WL 1993876, at *2 (D. Utah Feb. 14, 2023); *Sainsbury v. United States*, No. 2:16-cv-00618, 2023 WL 1472395, at *2 (D. Utah Feb. 2, 2023); *Hinton v. United States*, No. 2:20-cv-00442, 2023 WL 1471970, at *3 (D. Utah Feb. 2, 2023); *James v. United States*, No. 2:20-cv-00448, 2023 WL 1471972, at *2 (D. Utah Feb. 2, 2023); *Miller v. United States*, No. 1:16-cv-00068, 2023 WL 1472779, at *2 (D. Utah Feb. 2, 2023); *Sarafolean v. United States*, No. 2:16-cv-00564, 2023 WL 1473260, at *2 (D. Utah Feb. 2, 2023); *Crocker v. United States*, No. 2:16-cv-00681, 2022 WL 16553185, at *3 (D. Utah Oct. 31, 2022).
[48] 142 S. Ct. 2015 (2022).
[49] *See Sarafolean*, 2023 WL 1473260, at *2 (citing *Baker*, 49 F.4th at 1357 n.4).
[50] *Small*, 2023 WL 1993874, at *2; *see Descamps*, 570 U.S. at 263 (citing *Johnson*, 559 U.S. at 144).

head several times and he had to swipe the gun away with his hands. When another customer tried to enter the business, I pointed the gun at that customer. I took approximately $759 in U.S. currency and fled the scene.[51]

Mr. Mulalic cannot credibly argue that his predicate crime was anything other than a completed Hobbs Act robbery. Since a completed Hobbs Act robbery is categorically a crime of violence under § 924(c), the court denies Mr. Mulalic's petition.[52]

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases,[53] the court determines that Mr. Mulalic has failed to make a substantial showing that he has been denied a constitutional right. As such, a certificate of appealability is not warranted.

## ORDER

Accordingly, the court DENIES AND DISMISSES Petitioner's Motion to Vacate Pursuant to 28 U.S.C. § 2255.[54] The court DENIES a certificate of appealability.

Signed May 15, 2023.

BY THE COURT

David Barlow
United States District Judge

---

[51] Statement by Def. in Advance of Plea of Guilty & Plea Agreement 4, ECF No. 37, *United States v. Mulalic*, No. 2:18-cr-00224 (D. Utah filed Feb. 4, 2019).
[52] *See Baker*, 49 F.4th 1348; *Melgar-Cabrera*, 892 F.3d 1053; *Eccleston*, 2022 WL 3696664.
[53] Rules Governing § 2255 Cases in the U.S. Dist. Cts. 13 (Dec. 1, 2019), https://www.uscourts.gov/rules-policies/current-rules-practice-procedure.
[54] ECF No. 1.